73 F.3d 374
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Anthony CLAYTON, Defendant-Appellant.
 No. 95-1334.
 United States Court of Appeals, Tenth Circuit.
 Dec. 26, 1995.
 
 Before MOORE, MCKAY and KELLY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Defendant, Michael Anthony Clayton, appeals from the denial of his 28 U.S.C. 2255 petition claiming a Fifth Amendment double jeopardy violation and other issues. Perceiving no error in the denial, we affirm.
 
 
 3
 Mr. Clayton pled guilty to two counts of a five count indictment relating to various drug violations. From the supplemental record, it appears coincidentally with the federal criminal prosecution, a civil forfeiture action was filed against Mr. Clayton in state court. Although represented by counsel, Mr. Clayton did not respond to the state complaint and judgment was entered against him by default.
 
 
 4
 In his 2255 petition, and here on appeal, Mr. Clayton claims his conviction of the federal offense violated the double jeopardy clause because jeopardy had attached with the commencement of the civil forfeiture proceeding. The district court held this contention meritless because of the "dual sovereignty doctrine." Despite Mr. Clayton's argument to the contrary, this ruling was correct. Heath v. Alabama, 474 U.S. 82, 88 (1985) (prosecution for two acts violating the laws to two separate sovereigns does not violate the double jeopardy clause); United States v. Andersen, 940 F.2d 593, 596 (10th Cir.1991) (a defendant may be convicted in federal court even after convicted in state court for the same conduct) (citing Abbate v. United States, 359 U.S. 187, 194-95 (1959)). Mr. Clayton argues the dual sovereign rule does not apply here because the state and federal authorities were acting in concert.
 
 
 5
 There is nothing in the record to support that contention. It simply appears state officers investigated the events leading to the federal charges, made the seizures of items forfeited, and effected the defendant's original arrest. The evidence obtained by the state was ultimately turned over to the United States Attorney who prosecuted the case against Mr. Clayton. There is nothing in the record suggesting this prosecution was different from the vast multitude of similar prosecutions filed by the federal government following investigation by state officers. See Andersen at 596.
 
 
 6
 We see absolutely no cause to hunt for a reason why the dual sovereignty rule should not apply to this case. Having reached that conclusion, we need consider no other aspect of Mr. Clayton's claim.
 
 
 7
 The judgment of the district court is AFFIRMED. The appellant's motion to supplement the record is GRANTED. The government's motion to supplement and for a limited remand is DENIED as moot.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470